**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERMIN LOPEZ-GALICIA, | No.    15-71516 |
| Petitioner, | Agency No. A078-754-713 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2021[**]

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Fermin Lopez-Galicia, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for withholding of removal,

protection under the Convention Against Torture ("CAT"), and cancellation of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Lopez-Galicia failed to establish ten years of continuous physical presence, as would be required for eligibility for cancellation of removal. The record includes a signed Form I-826 consenting to a departure that took place less than 10 years before the issuance in 2010 of his Notice to Appear. Lopez-Galicia has not shown that, when he signed Form I-826 in 2001, his acceptance of administrative voluntary departure in lieu of removal proceedings was not knowing and voluntary. *See* 8 U.S.C. § 1229b(b)(1)(A); *Gutierrez v. Mukasey*, 521 F.3d 1114, 1117-18 (9th Cir. 2008) (requiring some evidence that the alien was informed of and accepted the terms of the voluntary departure agreement). Lopez-Galicia's testimony does not compel a contrary conclusion, where he was given an opportunity to read the Form I-826 before signing it, and where he has not shown that the representations of

15-71516

immigration officials were inaccurate or misleading. *Cf. Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619-20 (9th Cir. 2006) (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain the voluntary departure form and alien's testimony suggested that he accepted return due to misrepresentations by immigration authorities).

Substantial evidence supports the agency's conclusion that Lopez-Galicia failed to establish that he would be persecuted on account of a protected ground.[1] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Lopez-Galicia's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT protection because Lopez-Galicia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

---

[1] Lopez-Galicia contends that he belongs to a cognizable particular social group as a "Mexican male adult with long residence and family ties in the United States." We lack jurisdiction to consider this claim because Lopez-Galicia did not raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (the court lacks jurisdiction to review unexhausted claims).

3                                                                                  15-71516

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**